DENIS M. VANNIER, OSB# 044406
Senior Deputy City Attorney
Email: denis.vannier@portlandoregon.gov
MICHAEL JETER, OSB# 165413
Assistant Deputy City Attorney
Email: michael.jeter@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
Of Attorneys for Defendant City of Portland

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| ROBERT EVANS, BEA LAKE, and SADIE OLIVER-GREY, Individually and on behalf of similarly situated individuals,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF PORTLAND, an Oregon municipal corporation,<br><br>        Defendant. | Case No. 3:20-cv-01142-SI<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND** |

This case revolves around one central federal question: whether Plaintiffs' First Amendment rights were violated. The crux of Plaintiffs' claims is that journalists' documentation of protests is an exercise of free-speech protected by First Amendment and that Portland Police Bureau ("PPB") officers allegedly acted to retaliate against or chill the exercise of those protected First Amendment activities. The face of the Complaint contains many allegations regarding the First Amendment, Plaintiffs' federal free-speech rights, and the operation of federal First Amendment caselaw. While Plaintiffs ostensibly allege state-law claims, their causes of action are, in substance, federal claims relying on the construction and

Page 1 – DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

application of the U.S. Constitution. Therefore, this Court has original jurisdiction over this matter and removal was proper.

The Court should deny Plaintiffs' Motion to Remand for the following reasons:

(1) Federal issues appear on the face of the Complaint. While Plaintiffs may have given their claims state-law labels, the underlying causes of action described in the claims are federal.

(2) Alternatively, Plaintiffs' claims give rise to federal question jurisdiction under the test set out in *Gunn v. Minton*, 568 U.S. 251, 258 (2013), and *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312, 317 (2005). The claims necessarily raise disputed and substantial federal issues capable of resolution in federal court without disrupting the federal-state balance.

(3) Plaintiffs' requests for injunctive and declaratory relief do not deprive this Court of subject-matter jurisdiction. The state law providing for declaratory and injunctive relief that Plaintiffs rely on creates procedures for obtaining remedies but does not create causes of action in themselves.

(4) Lastly, Plaintiffs' request for costs and fees should be rejected. Such a sanction is only warranted where there is no objectively reasonable basis for removal. Because the face of the Complaint repeatedly relies on federal law, and the First Amendment is at the center of Plaintiffs' case, the City has provided ample objectively reasonable grounds for removal.

## BACKGROUND

Plaintiffs allege in their Complaint that the nature of this action arises from law enforcement officers "interfering with protestors' right to free speech and assembly and journalists' right to freedom of the press." Compl. ¶ 2, ECF No. 1. Plaintiffs further allege that "Defendants['] actions constitute an attempt to monopolize the flow of information to the public." *Id.* Specifically, Plaintiffs Robert Evans, Bea Lake, and Sadie Oliver-Grey (collectively "Plaintiffs") together with Class Action Plaintiffs claim that they are journalists who, beginning

Page 2 – DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

on May 29, 2020, have had their First Amendment right to document protests infringed by the City. *Id.* at ¶¶ 5–7, 17, 23, 34–38, 45–46, 62–64, 77, 85, 97, 100. Plaintiffs claim that PPB officers retaliated against them because the content of their speech and interfered with Plaintiffs' ability to inform the public, chilling their First Amendment rights. *Id.* at ¶¶ 3, 11, 17, 34, 44, 63–64, 85, 97, 100,125, 127–128, 144.

Under the heading, "The Right to Document and Create Media Related to Police Conduct," Plaintiffs elaborate on how federal First Amendment jurisprudence protects the freedom of the press alleged to be at issue in this case. *Id.* at ¶¶ 35–37. Plaintiffs state:

35

Information cannot be shared if it is not first gathered. Thus, the First Amendment protects not just the publication of information, *see, e.g., New York Times Co. v. U.S.*, 403 US 713 (1971), but also the collection of that information. In *Branzburg v. Hayes*, 408 US 665, 681 (1972), the Supreme Court stated, "without some protection for seeking out the news, freedom of the press would be eviscerated." Accord *ACLU of Illinois v. Alvarez*, 679 F3d 583, 598 (7th Cir 2012); *Turner v. Lieutenant Driver*, 848 F3d 678, 688 (5th Cir 2017).

36

In *Glik v. Cunniffe*, the First Circuit held: "though not unqualified, a citizen's right to film government officials, including law enforcement officers, in the discharge of their duties in a public space is a basic, vital, and well-established liberty safeguarded by the First Amendment." 655 F.3d 78, 85 (1st Cir. 2011). *Glik* had used his cell phone to record audio and video of police arresting a person in Boston Common. *Id.* at 79-80.

37

The First Circuit reasoned that the First Amendment "encompasses a range of conduct related to the gathering and dissemination of information." *Id.* at 82. This Court also reasoned: "The proliferation of electronic devices with video-recording capability means that many of our images of current events come from bystanders with a ready cell phone or digital camera rather than

Page 3 – DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

>a traditional film crew, and news stories are now just as likely to be broken by a blogger at her computer as a reporter at a major newspaper." *Id.* at 84.

Compl. ¶¶ 35–37. Plaintiffs further explain that the crux of their case is that if information cannot be gathered, then it cannot be shared, and, therefore, Plaintiffs' First Amendment rights have been violated by the City. Additionally, Plaintiffs allege that an "officer who detains or retaliates against an individual" inquiring about that officer's identity "is directly retaliating against that individuals [*sic*] First Amendment rights." *Id.* at ¶ 43. The general allegations incorporated by reference into all of Plaintiffs' and Class Action Plaintiffs' claims are founded on alleged First Amendment violations. *See id.* at ¶¶ 107, 112, 117, 123, 130, 135.

The specific allegations regarding Plaintiffs' and Class Action Plaintiffs' claims also allege that PPB officers interfered with their First Amendment constitutional rights. Plaintiff Evans thus alleges that PPB officers' actions at multiple protests prevented him from carrying out his work as a journalist and "interfer[ed] with creation of media." *Id.* at ¶¶ 44–46, 62–65. Likewise, Plaintiff Lake claims that PPB officers took actions against her "in retaliation for and in an attempt to dissuade her from reporting on the Black Lives Matter protests in Portland." *Id.* at ¶ 77. Plaintiff Lake explains that "she was deprived of her constitutional rights." *Id.* Plaintiff Oliver-Grey similarly claims that PPB officers' actions at protests "was effective in chilling her First Amendment rights." *Id.* at ¶ 85. Finally, the Class Action Plaintiffs' allegations claim that PPB Officers' actions interfered with their "ability to investigate, document or report on protests." *Id.* at ¶ 97. Class Action Plaintiffs further allege that the City has a "custom, practice, policy and conduct of … interfering with the right to engage in and document the protests" and that Class Action Plaintiffs "have been and will continue to be deprived of their rights." *Id.* at ¶ 100; *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) (establishing the federal standard for municipal liability using the same "custom, practice and policy" language invoked in the Complaint).

As to Plaintiffs' claims for relief, Plaintiffs' battery, assault, and intentional infliction of

Page 4 – DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

emotional distress ("IIED") claims necessarily rely upon and expressly incorporate all the allegations discussed above. *Id.* at ¶¶ 107, 112, 117. Furthermore, Plaintiffs' negligence claim is explicitly based on alleged violations of their First Amendment rights to free speech—it alleges that Defendants negligently "violated Plaintiffs' and Plaintiff Class's rights … to attend and engage in constitutionally-protected free-speech activity without threat of chill, punishment, or retaliation." *Id.* at ¶¶ 125– 128.

Similarly, Plaintiffs' claim for injunctive relief states that it is based in part on the alleged "impinge[ment] on Plaintiffs' and the Plaintiff Class's constitutionally protected liberty." *Id.* at ¶ 143. Plaintiffs elaborate that PPB Officers allegedly acted "to chill, punish, and retaliate against" them "for attending protests." *Id.* at ¶ 144. Finally, under the "miscellaneous" heading applicable to "all counts" in the Complaint, Plaintiffs explain that "Plaintiffs, in filing this action, are seeking to vindicate and protect important constitutional and universal human rights that are and should be available to all citizens, Plaintiffs are not seeking to solely obtain a gain that is particular to themselves." *Id.* at 147.

## STANDARDS

"The removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) and *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)). Under 28 U.S.C. § 1331, federal courts have federal-question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

The Supreme Court "has long read the words 'arising under' in Article III to extend quite broadly, 'to all cases in which a federal question is 'an ingredient' of the action.'" *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1570 (2016) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807 (1986)). Generally, a case arises under federal law

Page 5 – DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27–28 (1983). That said, a plaintiff "may not defeat removal by omitting to plead necessary federal questions" or otherwise "artfully pleading around necessary federal questions." *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010); *see Franchise Tax Bd.*, 263 U.S. at 22; *Pacificorp v. Nw. Pipeline GP,* No. CV 10-99-PK, 2010 WL 3199950, at *3 (D. Or. June 23, 2010), *report and recommendation adopted*, 2010 WL 3219533 (D. Or. Aug. 9, 2010).

"Removal of a case from state to federal court is a question of federal subject matter jurisdiction," and federal courts therefore "may raise the question sua sponte." *Felton v. Unisource Corp.,* 940 F.2d 503, 506 (9th Cir. 1991) (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1194 (9th Cir.1988), *Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1393 (9th Cir.1988), and *Galvez v. Kuhn,* 933 F.2d 773, 775 n. 4 (9th Cir.1991)).

## DISCUSSION

**I.    This Court Has Federal Question Jurisdiction Because Plaintiffs' Claims Rely on Resolution of Federal Issues Best Resolved in Federal Court**

Federal question jurisdiction is proper here under either the "well-pleaded complaint" rule or its multi-factorial alternative described below. First, the "well-pleaded complaint" rule "requires the federal issue to appear on the face of the complaint." *Ranck v. Mt. Hood Cable Regulatory Comm'n*, No. 3:16-CV-02409-AA, 2017 WL 1752954, at *2 (D. Or. May 2, 2017) (citing *Cal. Shock Trauma Air Rescue v. State Compensation Ins. Fund*, 636 F.3d 538, 542 (9th Cir. 2011)). Under the second test, however, federal question jurisdiction does not require a federal cause of action in the well-pleaded complaint, nor does it require the existence of a relevant federal cause of action. *Grable & Sons Metal Products, Inc. v. Darue Engineering &*

Page 6 – DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

*Mfg.*, 545 U.S. 308, 317, 312 (2005); *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 748 (2012). Rather, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see Grable,* 545 U.S. at 314; *Levi Strauss & Co. v. Aqua Dynamics Sys., Inc.*, 2016 WL 1365946, at *5 (N.D. Cal. Apr. 6, 2016). Here, Plaintiffs' Complaint satisfies both the well-pleaded complaint rule and the alternative *Grable/Gunn* criteria for federal-question jurisdiction. For each of those independently sufficient reasons, Plaintiff's Motion to Remand should be denied.

A.  **This Court Has Federal-Question Jurisdiction Because Plaintiffs Invoke the First Amendment in their Complaint as the Basis for their Claims**

Under the well-pleaded complaint rule, "an action 'aris[es] under' federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (quoting *Caterpillar*, 482 U.S. at 392). The Supreme Court has explained, "Even though state law creates [a party's] causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997) (quoting *Franchise Tax Bd.*, 463 U.S. at 13).

> The general rule is that, where it appears from the bill or statement of the plaintiff that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction under this provision.

*Smith v. Kansas City Title & Tr. Co.*, 255 U.S. 180, 199 (1921); *see also Merrell Dow Pharm.*

Page 7 – DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

*Inc. v. Thompson*, 478 U.S. 804, 820 (1986) (collecting cases establishing that "[t]he continuing vitality of *Smith* is beyond challenge").

Here, the face of the Complaint presents the federal question of whether Plaintiffs' and Class Action Plaintiffs' First Amendment rights were violated. Indeed, the Complaint begins and ends with statements that this case is about free-speech rights. Thus, the opening paragraphs of the Complaint identify the nature of the action, in part, as arising from PPB officers' allegedly "interfering with protestors' right to free speech and assembly and journalists' right to freedom of the press." Compl. ¶ 2. Similarly, the Complaint concludes by explaining that "Plaintiffs, in filing this action, are seeking to vindicate and protect important constitutional and universal human rights…." *Id.* at ¶ 147. In short, Plaintiffs state clearly that the nature and purpose of this lawsuit stem from the First Amendment's "right to free speech and assembly" and "freedom of the press."

Furthermore, Plaintiffs allege in the body of the Complaint that federal First Amendment caselaw defines the free-speech rights their claims aim to vindicate. *See id.* at ¶¶ 35–38. The Complaint explains: "Information cannot be shared if it is not first gathered. Thus, the First Amendment protects not just the publication of information, but the collection of information." *Id.* at ¶ 35 (citing *New York Times Co.*, 403 U.S. 713; *Hayes*, 408 U.S. at 681). The Complaint cites additional federal caselaw supporting the proposition that "the First Amendment 'encompasses a range of conduct related to the gather and dissemination of information.'" *Id.* at ¶ 37 (quoting *Glik*, 655 F.3d at 82). And Plaintiffs' legal theory, which underpins their claims and causes of action, is that the City allegedly infringed their First Amendment rights by preventing them from gathering information on protests. *See id.* at ¶¶ 35–38. In sum, the Complaint presents a federal First Amendment question on its face, and this case therefore

Page 8 – DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

"arises under" federal law and is subject to this Court's original jurisdiction.

Indeed, the federal First Amendment issues appear on the face of the Complaint in numerous other places. For example, the specific allegations regarding Plaintiffs and Class Action Plaintiffs all allege violations of First Amendment rights. *See id.* at at ¶¶ 44–46, 62–65, 77, 85, 97, 100. Plaintiffs Evans, Lake, and Oliver-Grey each claim that PPB officers' actions were done in retaliation for and in an attempt to dissuade or chill their expression of free speech. *Id.* at ¶¶ 44–46, 62–65, 77, 85. Likewise, Class Action Plaintiffs claim that the City has a "custom, practice, policy and conduct of using indiscriminate force and interfering with the right to engage in and document the protests" and that they "have been and will continue to be deprived of their rights." *Id.* at ¶ 100.

Finally, each cause of action necessary relies upon and expressly incorporates the allegations above—and Plaintiffs' "negligence" claim is, in substance, a First Amendment claim. *See id.* at ¶¶ 107, 112, 117, 125–28, 143–44. As to that claim, the Complaint alleges:

125

Defendant's law-enforcement employees' above-described acts invaded and violated Plaintiffs' and Plaintiff Class's rights to be free from unlawful violence and *to attend and engage in constitutionally-protected free-speech activity without threat of chill, punishment, or retaliation.*

126

Defendant's law-enforcement employees' above-described individual or cumulative acts were unreasonable and excessively dangerous in light of the risk to Plaintiffs and the Plaintiff Class and in light of the purported purposes of the acts.

127

In performing the above-described individual and cumulative acts, Defendant's law enforcement employees' directly

Page 9 – DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

> and proximately caused Plaintiffs and the Plaintiff Class physical and/or mental harm while infringing on Plaintiffs' and the Plaintiff Class's rights to be free from unlawful violence and *to attend and engage in constitutionally-protected free speech activity without threat of chill or retaliation.*

*Id.* at ¶¶ 125–27 (emphases added).

Because a federal First Amendment issue appears on the face of the Complaint as a necessary ingredient the action, the well-pleaded complaint requirement is satisfied. This court therefore has federal-question jurisdiction over this action, and Plaintiffs' motion to remand this case to state court should be denied.

### B.     The Court Also Has Federal-Question Jurisdiction Because Plaintiffs' Claims Rely on Disputed and Substantial Federal Issues that are Best Resolved in Federal Court

Alternatively, the Supreme Court recognizes that "it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead the necessary federal questions in a complaint." *Franchise Tax bd.*, 463 U.S. at 22. (citations omitted). At a minimum, federal-question jurisdiction is proper here because Plaintiffs' claims necessarily raise disputed and substantial issues regarding the construction and application of the First Amendment, and those issues are best resolved in federal court.

As noted above, under the *Gunn/Grable* test "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn,* 568 U.S. at 258; *see also Grable,* 545 U.S. at 314. This doctrine, articulated by a unanimous Supreme Court in *Gunn*, "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law" and, accordingly, would benefit from "the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable,* 545 U.S. at 312; *see also Hornish v. King Cty.*, 899 F.3d 680, 688 (9th Cir. 2018), *cert. denied sub nom. Kaseburg v.*

Page 10 – DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

*Port of Seattle*, 139 S. Ct. 1546 (2019) (restating the standard).

1. *Necessarily Raised*

Under the first criterion, "[a] federal issue is necessarily raised when the issue is 'pivotal' to the case." *Ranck*, 2017 WL 1752954, at *2 (quoting *Nevada v. Bank of Am.*, 672 F.3d 661, 675 (9th Cir. 2012)). In other words, a federal issue is "necessarily raised" by a state-law claim if the claim cannot be resolved without consideration of the federal issue. *Gunn*, 133 S. Ct. at 1065. Here, as noted above, Plaintiffs' and Class Action Plaintiffs' claims rely on the First Amendment and reference free-speech rights throughout the Complaint. Plaintiffs' claims turn on the federal question of "protesters' rights to free speech and assembly and journalists' right to freedom of the press" under the First Amendment. Compl. ¶ 2.

Furthermore, the scope of those First Amendment rights, and whether those rights were "chilled" or whether Defendant's actions constituted "punishment" or "retaliation" for the exercise of those rights, are central to Plaintiffs' claims. For example, to prevail on their ostensible negligence claim, Plaintiffs would have to establish that their free-speech rights were violated. *See* Compl. ¶¶ 125–127. Likewise, Class Action Plaintiffs' claims hinge on whether the City has a "custom, practice, policy and conduct" of "interference with the ability to investigate, document or report on protests." *Id.* at ¶ 97, 100. Plaintiffs have also put at issue PPB officers' alleged retaliatory motive and the alleged chilling effect of their actions. *See id.*

In short, a federal First Amendment issue—indeed, several related First Amendment issues, ranging from the scope of the right to "investigate, document or report on protests," to an alleged pattern, policy or practice on the part of the City to chill or retaliate against the exercise of such right—is necessarily raised by the Complaint.

2. *Actually Disputed*

Under the second criterion, "[a] federal issue is actually disputed when it is the 'primary focus of the [c]omplaint' and not 'merely a peripheral issue.'" *Ranck*, 2017 WL 1752954, at *3 (quoting *Hawaii v. Abbot Labs., Inc.*, 469 F Supp. 2d 842, 852–53 (D. Haw. Nov. 30, 2006)).

Page 11 – DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

There must be a genuine dispute "respecting the validity, construction or effect of [federal] law." *Grable*, 545 U.S. at 313. As discussed above, the Complaint is bookended by declarations that the nature of this case arises from alleged First Amendment violations and that the purpose of this lawsuit is vindicate Plaintiffs' free-speech rights. *See* Compl. ¶¶ 2, 147. And the general factual allegations, Plaintiff-specific factual allegations, causes of action, and requests for remedy raise the issues of the scope of Plaintiffs' First Amendment rights and whether those rights were violated. *See supra* Background. Here, the disputed federal issues are whether PPB officers' actions interfered with Plaintiffs' free-speech rights to document and report on protests (which necessarily involves consideration of the scope and extent of such rights), and whether the City has a pattern, practice, or policy of violating such rights. *See id.* at ¶¶ 2, 8, 17, 35–38, 43, 45–46, 62–65, 77, 85, 97, 100, 125–27, 143–44, 147.

Accordingly, Plaintiffs and Class Action Plaintiffs have pleaded multiple First Amendment claims actionable through 42 U.S.C. § 1983 which requires, in relevant part, that a plaintiff: (1) allege a violation of a constitutional right; and (2) that the deprivation was committed by an individual acting under color of state law. *See Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015). Here, Plaintiffs have alleged both individual and municipal liability for those alleged First Amendment violations. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991) (individual liability); and *Monell*, 436 U.S. at 690 (municipal liability). Furthermore, Plaintiffs pleaded the elements of a First Amendment claim throughout the Complaint. To plead such a claim, Plaintiffs must allege that their "protected activity was a substantial motivating factor in … defendant[s]' conduct," that is, "there was a nexus between [defendants'] actions and the intent to chill." *Ariz. Students' Ass'n v. Ariz. Bd. Of Regents*, 824 F.3d 858, 867 (9th Cir. 2016) (citing *O'Brien v. Welty*, 818 F.3d 920, 833–34 (9th Cir. 2016) and *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010)). "At the pleading stage, a plaintiff adequately asserts First Amendment retaliation if the complaint alleges plausible circumstances connecting the defendant's retaliatory intent to the suppressive conduct." *Ariz. Students' Ass'n*, 824 F.3d at 870

(citing *O'Brien*, 818 F.3d at 933–35). That is so here: Plaintiffs repeatedly allege that the City and its officers retaliated against them because of their free-speech activities with the intent to chill such activities. *See* Compl. ¶¶ 8, 43, 67, 77, 85, 125, 127, 128, 144.

Plaintiffs' Motion for Remand argues that this is not a civil rights case. *See* Pl.'s Mot. to Remand, 3–4. Specifically, Plaintiffs contend that they only plead "state law torts" and have not alleged "a claim of civil-rights deprivations." Pls.' Mot. to Remand, 3–4. But those representations are at odds with the Complaint, which repeatedly states that this case is about the vindication of Plaintiffs' First Amendment free-speech rights. Contrary to what Plaintiffs argue, they have alleged First Amendment claims without labelling them as such—or at the very least, they have alleged a federal question as a key element of this action.

Once more, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd.*, 463 U.S. at 22. And in any event, under the *Gunn/Grable* test, federal courts have found federal-question jurisdiction over claims asserted under state law, whether or not an explicit federal cause of action was alleged. *See, e.g., In re: Nat'l Football Leagues Sunday Ticket Antitrust Litig.*, 2016 WL 1192642, at *6-*7 (C.D. Cal. Mar. 28, 2016); *Levi Strauss & Co. v. Aqua Dynamics Sys., Inc.*, 2016 WL 1365946, at *5-*6 (N.D. Cal. Apr. 6, 2016); *Los Angeles Police Protective League v. City of Los Angeles*, 314 F. App'x 72, 74 (9th Cir. 2009); *Abadam v. State of Hawaii*, 248 F.3d 1169 (9th Cir. 2000) (unpublished) (applying "doctrine of artful pleading").

3. *Substantial*

Under this third criterion, a federal issue is "substantial" where there is "a serious federal interest in claiming the advantages thought to be inherent in a federal forum," one that "justif[ies] resort to the experience, solicitude, and hope of uniformity that federal forums offer." *Grable*, 545 U.S. at 312–13. In evaluating this criterion, courts consider whether "allowing state courts to resolve these cases [would] undermine the development of a uniform body of" law, and whether "a state court's resolution of the federal question would be controlling in numerous

Page 13 – DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

other cases." *Id.* at 1066–67.

These considerations weigh in favor of federal jurisdiction here. Plaintiffs seek to establish individual and municipal liability against the City and its officers for allegedly "interfering with protesters' right to free speech and assembly and journalists' right to freedom of the press." Compl. ¶ 2. Further, Plaintiffs seek injunctive relief enjoining the City from engaging in certain actions that Plaintiffs allege impinge their constitutionally protected free-speech rights. *Id.* at ¶¶ 143–44. What the contours of Plaintiffs' First Amendment "right to free speech and assembly and journalists' right to freedom of the press" might be in the context of this case, and whether the City has a "custom, practice" or "policy" of "interfering with the right to engage in an document the protests," are emphatically questions of federal constitutional law that are most properly adjudicated in a federal court. *See Monell*, 436 U.S. at 692 (holding that Section 1983 "imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights").

Furthermore, substantially similar First Amendment questions have been raised and are currently pending before this court in at least two other cases, both also involving the City as a defendant. *See Index Newspapers, LLC et al. v. City of Portland et al.,* No. 3:20-cv-1035-SI (D. Or.); *Elia et al. v. Wheeler et al.*, No. 3:20-cv-1106-SI (D. Or.). Both those cases stem from the same series of protests at issue in the present case, both also involve claims that the City has allegedly violated the First Amendment rights of journalists and others to participate in and document those protests, and both seek injunctive relief enjoining the City from engaging in certain actions that the plaintiffs in those cases allege impinge their constitutionally protected free-speech rights. *See* Second Am. Compl., *Index Newspapers*, No. 3:20-cv-1035-SI (D. Or. July 17, 2020), ECF No. 53; Compl., *Elia*, No. 3:20-cv-1106-SI (D. Or. July 8, 2020), ECF No. 1. Resolving those substantially similar First Amendment questions in separate state and federal courts would "undermine the development of a uniform body of" law in this area. *Gunn*, 133 S. Ct. at 1066–67.

Page 14 – DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

*4.     Federal-State Balance*

The final *Gunn/Grable* criterion asks whether an issue is "capable of resolution" in federal court without disrupting the balance between federal and state courts. This criterion is closely related to the "substantiality" criterion and concerns the "appropriate balance of federal and state judicial responsibilities" and whether the states have a legitimate interest in deciding claims that may depend in part on federal issues. *Id.* at 1068. Here, federal courts have a pronounced interest in adjudicating claims alleging violations of the Constitution of the United State. Furthermore, this court's exercise of federal-question jurisdiction over Plaintiffs' First Amendment claims and supplemental jurisdiction over any remaining state law claims comports with 28 U.S.C. §§ 1331, and 1367 and does not disrupt the balance between state and federal forums. This is especially true in a case such as this one, where even Plaintiffs' ostensible state-law claims hinge on the resolution of predicate questions of federal First Amendment law.

**II.     Plaintiffs' Claims for Injunctive and Declaratory Relief do not Withdraw Federal Jurisdiction Over this Case**

Plaintiffs' requests for declaratory and injunctive relief under Oregon law do not affect this Court's exercise of federal question jurisdiction here. Both federal and state declaratory judgment acts are procedural only and do not, by themselves, constitute a basis for federal or state subject-matter jurisdiction. *Medtronic, Inc. v. Mirowski Family Ventures, LLC,* 134 S. Ct. 843, 849 (2014); *Barcik v. Kubiaczyk*, 895 P.2d 765, 774 (Or. 1995); *Brown v. Oregon State Bar*, 648 P.2d 1289, 1292 (Or. 1982); *Gettings v. City of Elgin*, 517 P.2d 686, 687 (Or. Ct. App. 1974). To "issue declaratory relief, the court must also have jurisdiction over the subject matter of the controversy. The [Oregon] Uniform Declaratory Judgment Act is not an independent grant of jurisdiction." *Brown,* 648 P.2d at 1292; *Barcik,* 188, 895 P.2d at 774; *Sawyer v. ReconTrust Co.*, 2011 WL 2619517, at *3 (D. Or. May 27, 2011), *report and recommendation adopted,* 2011

Page 15 – DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

WL 2610223 (D. Or. June 30, 2011). Simply put, requests for injunctions and declarations are requests for remedies to other claims, not standalone claims for relief in themselves. See ORCP 18 (distinguishing between demands for relief and claims); Pac. Office Automation, Inc. v. Tracy, No. 3:17-CV-01484-HZ, 2018 WL 847245, at *4 (D. Or. Feb. 10, 2018) (collecting cases holding that requests for injunctions are not claims). A plaintiff may not use remedy statutes to disguise the true nature of its claims. See Carcik, 895 P.2d at 774 (holding that a plaintiff without a cause of action under the Oregon Constitution could "not sidestep the justiciability requirement by requesting declaratory relief").

### III.  Plaintiffs' Request for Costs and Fees is Unwarranted

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, the City has provided multiple "objectively reasonable" grounds for removal. As noted above, Plaintiffs' claims hinge on the resolution of alleged First Amendment violations cognizable under 42 U.S.C. § 1983. This Court should therefore reject Plaintiff's request for sanctions as defendants have provided an "objectively reasonable basis for seeking removal."

### CONCLUSION

For the foregoing reasons, the City respectfully requests that this Court deny Plaintiffs' Motion for Remand and reject Plaintiffs' request for costs and fees.

Dated: August 19, 2020

Respectfully Submitted,

*/s/ Michael Jeter*
Denis M. Vannier, OSB #044406
Senior Deputy City Attorney
Denis.Vannier@portlandoregon.gov
Michael Jeter, OSB# 165413
Assistant Deputy City Attorney
Michael.Jeter@portlandoregon.gov
Telephone: (503) 823-4252
Of Attorneys for Defendant City of Portland

Page 17 – DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND